MARIE MALDONATO, BY HER NEXT FRIEND, AND SAM MALDONATO, INDIVIDUALLY, APPELLEES, v. IRON-BOUND TRANSPORTATION COMPANY, APPELLANT.

Submitted May term, 1931—Decided September 28, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Pearce R. Franklin.*

For the appellees, *Milton M. Unger.*

PER CURIAM.

The plaintiffs were passengers in a bus of the defendant, a common carrier, which vehicle came into collision with a fire apparatus and the plaintiffs were injured.

Both plaintiffs have verdicts and judgments.

The action was not only against the common carrier but also against its servant and operator of the bus. There was no judgment against the latter and upon appeal by the plaintiffs to the Supreme Court that court affirmed the judgment below in favor of the operator.

It is now contended upon this appeal by the defendant, common carrier, that the judgment in favor of its servant, the operator, having been affirmed the judgment against it by necessity must be reversed.

But this is not so. The duties owing to plaintiffs as passengers by appellant were otherwise and different from those due them from the operator.

The operator owed a duty of reasonable care only. The owner of the utility owed a duty of high degree of care. The duties were not joint and equal.

The finding in *Goekel* v. *Erie,* 100 *N. J. L.* 279, disposes of the contention.

In a case as between private owner and servant where the allegation is negligence of the servant, thus imputable to the master, a verdict in favor of the servant and against the master is inconsistent and a judgment against the master cannot be maintained, but when the duties owing to the plaintiff are different—that is, in one case upon the part of the servant reasonable care and upon the part of the master high care—a verdict in favor of the servant and against the master is not inconsistent.

The judgment below is affirmed, with costs.